Filed 3/1/16  P. v. Hove CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063911 |
| v. | (Super.Ct.No. FWV1402020) |
| LISA LYNN HOVE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Stanford E. Reichert, Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Lisa Hove appeals from the denial of her petition for resentencing under Proposition 47.  We affirm because neither the conviction in the current case, nor

1

the conviction upon which the sentence enhancement in the current case is based, are eligible for reduction to misdemeanors under Proposition 47.

## PROCEDURAL BACKGROUND

On September 5, 2014, defendant pled no contest to sale/transportation/offer to sell a controlled substance (Health & Saf. Code, § 11352, subd. (a))[1] and admitted that she had previously been convicted of possession for sale (§ 11351) within the meaning of section 11370.2, subdivision (a). The trial court sentenced defendant as agreed to a total of seven years as follows: the midterm of four years for the conviction and the midterm of three years for the enhancement, to be served consecutively.

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: [Penal Code] section 1170.18. Under [Penal Code] section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request

---

[1] All section references are to the Health and Safety Code unless otherwise indicated.

2

resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092; see Pen. Code, § 1170.18, subd. (a).)

On November 19, 2014, defendant filed with the superior court a letter which the court interpreted as a petition for reduction of sentence under Proposition 47. On December 5, 2014, the court denied the petition on the ground that the conviction does not come within the statutory scheme of Proposition 47.

On May 13, 2015, the court held another hearing at which defendant was present, represented by counsel. As counsel explained, defendant had other prior convictions reduced to misdemeanors under Proposition 47 and believed these reductions would impact the three-year enhancement to her current sentence. The court ruled that defendant was ineligible for relief.

This appeal followed.

## DISCUSSION

Upon defendant's request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and a potential arguable issue, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but she has not done so. In appellate counsel's brief before this court, counsel argues as a

potential issue whether the trial court erred in denying defendant's petition for resentencing under Proposition 47.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error. (See Pen. Code, § 1170.18 [convictions under sections 11351 and 11352 are not statutorily enumerated offenses qualifying for reduction from felonies to misdemeanors].)

## DISPOSITION

The superior court's order denying defendant's Proposition 47 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                P. J.


We concur:

CODRINGTON
                    J.

SLOUGH
                    J.

4